UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:20-CV-00072-JHM-HBB

**RAELYNNE JONES**                                                                                                          **PLAINTIFF**

**VS.**

**MPD, INC.**                                                                                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is the Plaintiff's motion to amend her complaint (DN 19). Defendant has filed a Response in opposition (DN 20), and Plaintiff has filed her Reply (DN 21).

### Background

Plaintiff filed this action on May 15, 2020, alleging that the Defendant, her employer, unlawfully retaliated against her for exercising her entitlement to leave under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* (FMLA) (DN 1). On August 26, 2020 the Court entered a scheduling order (DN 10). The order established a deadline of December 1, 2020 for the Plaintiff to file motions to join additional parties and to amend the pleadings (Id. at ¶ (2)(a)).

On January 4, 2021 the parties tendered a joint motion to extend the certain deadlines (DN 12). The motion did not address the already-expired deadline to amend the pleadings. The Court entered an order extending the deadlines as requested (DN 14). On March 4, 2021 the parties again jointly moved to extend certain deadlines (DN 16). Again, the motion did not address the already-expired deadline to amend the pleadings. Again, the Court entered an order extending the deadlines as requested (DN 17).

On April 17, 2021 the Plaintiff filed the subject motion for leave to amend her complaint (DN 19). As such, the motion is made over four months after the expiration of the deadline for amendment of pleadings. Plaintiff states that she wishes to amend her complaint to add new claims for violation of the Kentucky Wage and Hour Act and the Federal Labor Standards Act related to the work Plaintiff performed and the pay she received (Id. at p. 1-2). She states that she learned of these potential claims "[t]hrough discovery received on January 25, 2021 but more so from depositions occurring on March 25 and 26, 2021 (the final transcripts being received on April 12, 2021)" (Id. at p. 1). She notes that the deadline for amending the pleadings expired in December, 2020 but "Plaintiff did not receive discovery documents from the Defendant until January 25, 2021 (not the defense counsels' fault for delay – Defendant believes they never received the requests), and depositions illustrating Plaintiff's claim just took place approximately two weeks ago in late March 2021" (Id. at p. 2).

The Defendant disputes the timing of Plaintiff's discovery and knowledge regarding the potential claim (DN 20). The Defendant notes that it submitted written discovery requests to the Plaintiff on August 21, 2020, received responses to those requests on October 14, 2020 and took the Plaintiff's deposition on November 10, 2020 (Id. at p. 1). Plaintiff, on the other hand, did not propound discovery on the Defendant until December 11, 2020, after the deadline for amending pleadings had lapsed, nor did Plaintiff take any depositions until late March, 2021 (Id. at pp. 1-2). The Defendant notes that Plaintiff received written discovery three months ago but did not take any action then (Id. at p. 3). Moreover, Defendant contends that Plaintiff produced an e-mail exchange during the deposition of one of Defendant's witnesses between the Plaintiff and the witness which establishes "that Plaintiff formed a belief that she may have been incorrectly paid long before the March 2021 depositions" (Id.).

In reply, Plaintiff disputes that she did not propound discovery on the Defendant until December 2020 (DN 21 at p. 1). Rather, she contends she served them at the time she filed her Complaint and the Defendant did not pass them along to counsel (Id.). As such, she claims the parties agreed on December 11, 2020 that the Defendant would have until January 15, 2021 to provide the responses (Id.). Plaintiff argues that she could not have known that she had a viable non-wage payment claim and a retaliation claim until after discovery and the depositions were completed (Id. at pp. 2-3). "This is why the Plaintiff never requested an extension of the deadline with defense counsel even at the most recent deadline extension agreement of March 3, 2021" (DN 21 at p. 2). She contends she filed her motion immediately after receiving the deposition transcripts.

## Discussion

Rule 16(b) guides pretrial scheduling orders and directs that "[t]he scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(3)(A). Furthermore, Rule 16(b) indicates that a pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The original scheduling order established a December 1, 2020 deadline for the parties to file all motions to "join additional parties" and "amend pleadings" (DN 10 ¶ 2(a)). Although there have been subsequent modifications to some of the deadlines in the scheduling order, the Court has not modified the deadline for filing motions to join additional parties and amending pleadings. Thus, Plaintiff's motion to amend the complaint to add additional claims is untimely under the Court's scheduling orders because Plaintiff filed it more than four months after the deadline passed.

The law in the Sixth Circuit is well settled. Once the scheduling order's deadline passes, a party "must first show good cause under Rule 16(b) for failure to earlier seek leave to amend before

3

a court will consider whether amendment is proper under Rule 15(a)." *See* Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003); Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002); McLean v. Alere, Inc., No. 3:12-CV-566-DJH, 2015 WL 1638341, at *1 (W.D. Ky. April 13, 2015). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Inge, 281 F.3d at 625 (citations omitted). As two recent opinions from the Western District of Kentucky have observed, the evaluation of Rule 16's "good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." Woodcock v. Kentucky Dept. of Corr., No. 5:12-CV-00135- NS-LLK, 2016 WL 3676768, at *2 (W.D. Ky. July 6, 2016) (*quoting* Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995)); *see also* Hutson, Inc. v. Windsor, No. 5:12- CV-GNS-LLK, 2015 U.S. Dist. LEXIS 131033, at *3 (W.D. Ky. Sept. 29, 2015). This "good cause" standard "primarily considers the diligence of the party seeking the amendment. In other words, in order to demonstrate 'good cause' a party must show that despite their diligence the time table could not reasonably have been met." Woodcock, 2016 WL 3676768, at *2 (*quoting* Tschantz, 160 F.R.D. at 571).

Here, Plaintiff asserts that she propounded discovery on the Defendant with her Complaint and did not receive a timely response. What is also evident, however, is that when the amendment deadline arrived, Plaintiff knew she was not in possession of the discovery responses, yet she took no action to seek an extension of the amendment deadline. Later, Plaintiff and the Defendant agreed to a date for production of written discovery, and again the Plaintiff did not seek an extension of the deadline. The depositions which Plaintiff contends were crucial to her discovery of her new claims were not scheduled until months after the expiration of the amendment deadline. While the Court is mindful of the Plaintiff's argument that the viability of claims should be tested

through discovery lest a party assert a baseless claim, it is also true that a deadline for amendment of pleadings serves a purpose. It compels parties to evaluate the claims in a case early, so that, once asserted, the full extent of the case can be explored in discovery, rather than months or years down the road, potentially requiring earlier-conducted discovery to be revisited. *See* Brandt v. City of Westminster, No. 14-cv-02994-WYD-NYW, 2016 U.S. Dist. LEXIS 46495, at*6 (D. Colo. Jan. 6, 2016) ("The purpose of a deadline to amend pleadings and join parties contained in a Scheduling Order is to force the parties to prioritize their discovery and attempt to obtain information necessary for any amendments, sooner rather than later, so that discovery may proceed in an orderly fashion."). Here, Plaintiff agreed when the Scheduling Order was entered that three months was sufficient time to conduct any initial discovery necessary to determine if she should amend her pleadings. In sum, the Plaintiff has not demonstrated that, despite her diligence the time table established in the Scheduling Order could not reasonably have been met.[1]

**WHEREFORE**, Plaintiff's motion to amend her Complaint (DN 19) is **DENIED**.

H. Brent Brennenstuhl
United States Magistrate Judge

June 1, 2021

Copies to: Counsel of Record

---

[1] Defendant has also argued that amendment of the Complaint should be denied as a futility. Given the ruling on the timeliness on the motion, that aspect of Defendant's opposition is moot.